John Carmody, Esq. Informal Opinion Deputy County Attorney No. 97-43 County of Putnam 40 Gleneida Avenue Carmel, N Y 10512
Dear Mr. Carmody:
You have asked whether the county may include in a local law establishing rules and regulations governing electricians authority for the conduct of administrative hearings before administrative law judges who could impose civil penalties for violations of the local law. You note that in a prior opinion we concluded that violations of local regulations governing the licensing of electricians must be adjudicated judicially in accordance with the provisions of the Criminal Procedure Law. In your present inquiry, however, you have cited the provisions of section 10(4)(b) of the Municipal Home Rule Law and ask whether that State law provides authority for the establishment of the administrative tribunal.
In our prior opinion, we reasoned that the Criminal Procedure Law applies to adjudication and sentencing for every offense whether defined within or outside the Penal Law. We found that the imposition of a fine for violation of a local law is a sentence for an "offense". Sentencing is governed by Article 380 of the Criminal Procedure Law and is imposed after the entry of a conviction by a court and after the sentencing judge has weighed various factors. The Penal Law establishes the penalties for the various grades of offenses. See, Op Atty Gen (Inf) 93-7, attached.
In our view, section 10(4)(b) of the Municipal Home Rule Law does not provide authority for the local establishment of an administrative tribunal for the adjudication of offenses resulting from transgressions of the county's local law. That provision authorizes the local legislative body of a municipality to provide for the enforcement of local laws by legal or equitable proceedings which are or may be provided or authorized by law, to prescribe that violations thereof shall constitute misdemeanors, offenses or infractions and
 to provide for the punishment of violations thereof by civil penalty, fine, forfeiture or imprisonment, or by two or more of such punishments. . . .
It seems clear in this context that the reference to enforcement of local laws by legal or equitable proceedings which are or may be provided by law is a reference to State statutes establishing the procedure for enforcement of offenses. As concluded in our 1993 opinion, State law establishes the procedure for adjudication and sentencing for every offense, including those offenses established by local law. We noted in our 1993 opinion that certain jurisdictions have been authorized by State law to establish administrative tribunals for purposes of adjudicating specific regulations. See, Criminal Procedure Law § 380.10(2); Vehicle and Traffic Law, Art 2-A. Local legislative bodies are not authorized to adopt local laws that supersede State statutes applying to or affecting the courts. Municipal Home Rule Law § 11(1)(e).
We conclude that in the absence of a State statute authorizing the establishment of administrative tribunals for the adjudication of violations of the county's electrical code, adjudication and sentencing must be conducted consistent with the provisions of existing State statutes, including the Criminal Procedure Law and the Penal Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions